IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TIMOTHY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>    Defendant. | Case No. 24-cv-00028-DKW-WRP<br><br>**ORDER (1) GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (2) GRANTING LEAVE TO AMEND THE COMPLAINT, AND (3) DENYING PLAINTIFF'S VARIOUS MOTIONS** |

      On October 30, 2023, in State court, Plaintiff Timothy Williams (Plaintiff or Williams) initiated this action with a "Complaint" that, while alleging certain past events related to the cancellation of his membership with Defendant Costco Wholesale Corporation (Defendant or Costco), stated no specific claim, no request for relief, or even a principle of law upon which it relied.  Rather, the Complaint appeared to simply inform a reader of some events that had allegedly occurred in Williams' life.

      After Defendant's removal of the Complaint, and less than a month after the parties' Federal Rule of Civil Procedure Rule 16 scheduling conference, Costco moved for summary judgment.  Citing a document Plaintiff filed in State court almost two months after the Complaint, Costco asserts that Williams "alleges" a

Fourteenth Amendment claim in this case. Defendant further asserts that no such claim is "viable" under the "undisputed facts" because Costco is not a "state actor" for purposes of the Fourteenth Amendment. Costco, therefore, argues that it is entitled to summary judgment, and this case should be dismissed with prejudice. Williams, proceeding without counsel, has not meaningfully responded to this argument.

Upon review, while the Court agrees that, as alleged, the Complaint does not state a claim under the Fourteenth Amendment, the Court disagrees that, by moving for summary judgment at the infancy of this case, Costco can avoid the clear requirements of Ninth Circuit case law that, when a pro se litigant fails to state a claim, he must be apprised of the deficiencies in a complaint and given an opportunity to amend, *unless* doing so would be, *inter alia*, futile. And futility, as opposed to supposedly "undisputed facts", is essentially what Costco's argument boils down to: that "no matter how" Williams might allege any facts, he could not state a claim in this case. Given that the Complaint, as currently drafted, is entirely opaque on the type of claim(s) Williams seeks to pursue, the Court disagrees that it would be *impossible* for Williams to allege any claim. Therefore, as more fully explained below, while the motion for summary judgment is

GRANTED to the extent that the Complaint must be dismissed for failing to state a claim, dismissal is with leave to amend to the extent set forth herein.

## FACTUAL BACKGROUND

In the Complaint, Dkt. No. 1-2, Williams alleges the following. In 2016, Williams began shopping at the Kona Costco with his mother every other Sunday. *Id*. at 2. In 2021, although Williams was married to former "Miss Aloha Hawaii" Brandy Shibuya, he filed for divorce after he "caught my wife Brandy having sex with another man…." Williams "later learned" that Shibuya "coerced her female family member [presumably, given the circumstances alleged, a Costco employee] to say I supposedly asked her out to dinner while exiting Costco" on July 13, 2021. Although Williams alleges this is "untrue[,]" the manager of Kona Costco, Lianne Shimaoka-Lopez, terminated Williams' membership "due to this lie." *Id*. According to Williams, Shimaoka-Lopez "coerced three other female workers [again, presumably Costco employees] that I have not seen before to write FALSE statements about me supposedly asking them out to dinner during the time that I was married to Brandy in 2021." *Id*. at 3. In March 2022, Williams' "now ex-wife", Shibuya, saw Williams shopping in Kona and "started yelling and laughing that she got my Costco membership canceled." *Id*. at 2.

3

Thereafter, Williams alleges that he filed a complaint against Costco in a State small claims court. *See id*. at 1. In June 2023, a "civil trial" began in Williams' case. *See id*. On October 26, 2023, a judge of the State small claims court told Williams that she did not have the "power to reinstate" Williams' Costco membership, but the "Third Circuit Court" might have the power to do so. *Id*. at 1.

That is where the facts, and generally the Complaint, come to an end.

In the concise statement of facts accompanying the motion for summary judgment, Dkt. No. 20, Costco asserts the following. Costco sells goods to members at discounted prices. *Id*. at ¶ 1. Costco canceled Williams' membership in July 2021. *Id*. at ¶¶ 2, 5. In doing so, Costco did not consult any government official, and no such official assisted or participated in canceling Williams' membership. *Id*. at ¶¶ 5-6. Costco is not a local, state, or federal government. *Id*. at ¶ 4.

Williams has not disputed these factual statements in any conventional, recognized or permitted way. *See, e.g.*, Local Rule 56.1(e).

## PROCEDURAL BACKGROUND

After removal of the Complaint from the Third Circuit Court of the State of Hawai'i, a Rule 16 scheduling order was entered on April 22, 2024. Dkt. No. 17.

4

Among other things therein, the deadline for dispositive motions and discovery was set for February 21, 2025.

On May 14, 2024, Costco filed the instant motion for summary judgment and concise statement of facts. Dkt. Nos. 19-20. Although the Court set the motion for summary judgment for hearing on June 20, 2024, Dkt. No. 21, and, thus, a response was due on or before May 30, 2024, *see* Local Rule 7.2, Williams did not file a timely response. Instead, on June 7, 2024, Williams filed an "objection" in which he, among other things, makes accusations regarding alleged conduct of Costco's counsel. *See generally* Dkt. No. 22. On June 11, 2024, Costco moved to strike Williams' "objection." Dkt. No. 23. Finally, on June 18, 2024, Williams filed his own motion for summary judgment and memorandum in support. Dkt. Nos. 25-26.

This Order now follows.

## STANDARDS OF REVIEW

Costco moves for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In particular, the movant's "initial responsibility" is to inform the district court of the basis for its motion and to identify those parts of

5

the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is then entitled to judgment as a matter of law if the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on which the non-moving party has the burden of proof. *Id.* In assessing a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

Meanwhile, Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at

555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8(a)(2).  *Id*. at 679.

In addition, because Williams is proceeding without counsel, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).  A court, however, may deny leave to amend where, *inter alia*, further amendment would be futile.  *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## **DISCUSSION**

In light of the aforementioned legal standards, and the allegations in the Complaint, it is clear that the only dispositive motion that should have been filed at this early juncture of the case is one under Rule 12(b)(6).  That is because the Complaint clearly fails to state a claim.  In fact, fairly construed, the Complaint

does not even attempt to state a claim. Instead, it merely recounts various matters, such as the termination of Williams' membership with Costco and events occurring in his State lawsuit against Costco. There is no attempt to identify a claim, a source of legal authority for any claim, or a request for relief. In other words, the Complaint fails to provide even basic notice of the claim(s) Costco must defend against in this case. In every sense, therefore, Williams has failed to state his claim(s) in a short and plain manner, as Rule 8(a) requires. The Complaint must, accordingly, be dismissed for failure to state a claim.

Through its motion for summary judgment, however, Costco takes a different approach. Latching onto a document filed nearly two months after the Complaint, Costco asserts that Williams seeks to bring a Fourteenth Amendment claim against it. The document upon which Costco relies, though, is not part of the Complaint, and, thus, cannot be used to cure the obvious deficiencies therein. Moreover, even if the document could be used to clarify the Complaint, a motion for summary judgment would still be inappropriate. That is because the Complaint (and the after-the-fact document) clearly fails to state any claim under the Fourteenth Amendment. In relevant part, the Fourteenth Amendment provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. Here, irrespective of the

8

test used to determine State action, no such action is alleged in the Complaint.  In fact, no State or State actor is even mentioned in connection with the termination of Williams' membership with Costco.  *See generally* Dkt. No. 1-2.[1]  Rather, as alleged, the termination appears to involve a dispute between Williams, his ex-wife, and employees of Costco.  A simple motion to dismiss under Rule 12(b)(6), therefore, would have easily sufficed to have dealt with any purported Fourteenth Amendment claim.

Costco appears to have taken its different approach in order to move straight to dismissal *with* prejudice of this case.  *See* Dkt. No. 19-1 at 3.  Given the complete lack of clarity in the Complaint, and Williams' pro se status, the Court does not find dismissal with prejudice to be appropriate at this early stage of the case.  Rather, as the Ninth Circuit has explained, when a litigant proceeds pro se, he is entitled to "notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas*, 66 F.3d at 248.  Here, the Court provides Williams notice that the Complaint (Dkt. No. 1-2) fails in every respect to state any claim in a short and plain manner, as Rule 8(a) requires.  Moreover, and in particular, the Complaint fails to state any claim under the Fourteenth

---

[1] In other words, Costco's concise statement of facts, which appears to exist purely to establish that the termination of Williams' membership did not involve State action, is entirely unnecessary, given that no such action is even alleged in the Complaint.

Amendment because nowhere is it alleged that Williams' due process rights were violated by a State or State-affiliated actor.

Should Williams choose to amend the Complaint, he must write short, plain statements alleging: (1) the legal right he believes was violated; (2) the name of the defendant(s) who violated that right; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of his right; and (5) what specific injury he suffered because of a defendant's conduct. **Failure to do so for any claim may result in such claim being dismissed for failure to state a claim.**

## CONCLUSION

For the reasons set forth herein, the motion for summary judgment, Dkt. No. 19, is GRANTED IN PART, and the Complaint is DISMISSED WITH LEAVE TO AMEND. To the extent permitted herein, Williams may have until July 15, 2024 to file an amended complaint consistent with the guidance provided in this Order. If no amended complaint is timely filed, this matter will be dismissed for failure to state a claim.

The "objection", Dkt. No. 22, and motion to strike, Dkt. No. 23, are DENIED AS MOOT. Because the Complaint has been dismissed, and there is no

operative pleading, Williams' motion for summary judgment, Dkt. No. 25, is also DENIED AS MOOT.

 IT IS SO ORDERED.

 Dated: June 24, 2024 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Timothy Williams v. Costco Wholesale Corporation*; Civil No. 24-00028 DKW-WRP; **ORDER (1) GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (2) GRANTING LEAVE TO AMEND THE COMPLAINT, AND (3) DENYING PLAINTIFF'S VARIOUS MOTIONS**