IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| TIMOTHY WILLIAMS,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　Defendant. | Case No. 24-cv-00028-DKW-WRP<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE, AND (3) DISMISSING ACTION WITH PREJUDICE** |

　　　Pending before the Court is Defendant Costco Wholesale Corporation's (Costco or Defendant) second motion for summary judgment. Dkt. No. 35. After the Court granted in part Costco's first motion for summary judgment with leave to amend,[1] Costco now moves for summary judgment on the "negligence" claim Williams purports to bring in his Amended Complaint related to the termination of Williams' Costco membership.

　　　Having reviewed the Amended Complaint, the parties' summary judgment briefing and factual submissions, and the record generally, the Court agrees that Costco is entitled to summary judgment. Williams, at the very least, has failed to identify, provide evidence of, or even allege a legal duty Costco breached in

---

[1] Dkt. No. 27.

terminating his membership, a prerequisite to maintaining his negligence claim. As a result, the second motion for summary judgment, Dkt. No. 35, is GRANTED, and this case is dismissed with prejudice. Costco's motion to strike, Dkt. No. 44, is DENIED AS MOOT.

## RELEVANT BACKGROUND

On June 24, 2024, the Court granted in part Costco's first motion for summary judgment, but granted Williams leave to amend (June 24, 2024 Order). Dkt. No. 27. In doing so, the Court observed that, in the Complaint, Williams failed to identify any claim, any source of legal authority for a claim, or request any relief, all in clear violation of Federal Rule of Civil Procedure 8(a). Further, although Costco maintained that Williams sought to bring a claim under the Fourteenth Amendment in a document that was not the Complaint, the Court found that the Complaint also failed to state any such claim under Federal Rule of Civil Procedure 12(b)(6). Finally, due to Williams' pro-se status and the early stage of the case, the Court found dismissal with prejudice to be inappropriate and granted Williams leave to amend.

On July 10, 2024, Williams, still proceeding without counsel, filed an Amended Complaint. Dkt. No. 29.[2] Williams asserted that, in this case, he wants

---

[2] On July 15, 2024, Williams filed another document titled "Amended Complaint" that appears to be a replica of the document filed on July 10, 2024. *Compare* Dkt. No. 30, *with* Dkt. No. 29.

to bring "a simple negligence claim; [n]ot a constitutional claim." *Id*. at 2. As facts, Williams alleged the following. On November 8, 2020, Williams' then-wife, Brandy Shibuya, was arrested after she "assault[ed]" Williams. *Id*. at 4. "Due to [Shibuya's] family being angry at [Williams] for having her arrested," the Manager of Kona Costco, Lianne Shimaoka, who is allegedly Shibuya's aunt, "deprive[d]" Williams of access to the Kona Costco after claiming that, on July 13, 2021, Williams "hit[] on" Shibuya's cousin, also referred to as "Witness 1" in the Amended Complaint, while the cousin worked at the exit door of the Costco store. *Id*. at 2-4. Williams denied "hitting on" Shibuya's cousin. *Id*. at 4. After Williams left the exit area of the Costco store, a security guard, Randall Lockwood, asked Williams if he asked "the worker at the exit to go out to dinner?" *Id*. at 3. Williams responded "No", with Lockwood allegedly replying, "Maybe she feels intimidated because you're a big black guy[.]" Williams claimed that Lockwood's reply "indicat[es] racial discrimination as a factor[]" "in Kona Costco's decision to terminate [his] membership indefinitely." According to Williams, Shibuya's cousin "[n]ow" "admit[s]…that her involvement was because of [Shibuya] who paid her to lie about me asking her out to dinner, which showed that the initial ban was under false pretenses due to my wife and her family's vindictiveness." *Id*.

---

Herein, the Court cites to the first-filed Amended Complaint, *i.e.*, the one filed on July 10, 2024, given that the second document is duplicative and unauthorized.

3

On November 4, 2024, Costco filed the instant second motion for summary judgment and concise statement of facts. Dkt. Nos. 35-36. Among other things, Costco argues that there is no factual support for a negligence claim and any such claim is both against "public policy" and untimely. On November 22, 2024, Williams filed an opposition, *see* Dkt. Nos. 39-40,[3][4] to which Costco replied on November 27, 2024. Dkt. Nos. 42-43.[5] Concurrent with its reply, Costco moved to strike "portions" of Williams' opposition papers. Dkt. No. 44. Finally, on December 11, 2024, Williams filed an "objection and opposition" to counsel for Costco's amended declaration, as well as an amended declaration of his own. Dkt. No. 47.

After vacating the scheduled hearing on the second motion for summary judgment, Dkt. No. 45, this Order now follows.

## STANDARD OF REVIEW

---

[3] While Williams characterizes his filing as including a concise statement of facts in support of the opposition, Dkt. No. 40, the document does not comply with Local Rule 56.1(e), given that it does not "admit[] or dispute[] each fact set forth in the movant's concise statement." Instead, Williams' concise statement, at best, merely asserts additional facts he presumably believes the Court should consider, while failing to cite to or offer any supporting evidentiary material, in violation of Local Rule 56.1(b).

[4] As Costco observed in its reply, Williams' opposition was also filed a day late, given that, pursuant to Local Rule 7.2, it was due three weeks prior to the then-scheduled hearing date on December 12, 2024, *i.e.*, November *21*, 2024.

[5] While it may be due to the tenuous permissibility of Williams' concise statement of facts, Costco's concise statement of facts in reply also fails to comply with Local Rule 56.1(e), as it does not respond only to the additional facts set forth in Williams' concise statement. Rather, it appears that the purpose of the reply is to introduce new material related to the purported untimeliness of Williams' claim. *See* Dkt. No. 43.

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In particular, the movant's "initial responsibility" is to inform the district court of the basis for its motion and to identify those parts of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is then entitled to judgment as a matter of law if the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on which the non-moving party has the burden of proof. *Id*. In assessing a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party. *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

## **DISCUSSION**[6]

Costco moves for summary judgment on the claim of "simple negligence" Williams asserted an intent to bring in the Amended Complaint. For the straightforward reasons discussed more fully below, the Court agrees that Costco is entitled to summary judgment on any such claim.

In Hawaiʻi, a negligence claim requires a plaintiff to prove the following four elements: "(1) duty; (2) breach of duty; (3) causation; and (4) damages." *Cho v.*

---

[6]To the extent relevant to the analysis herein, the facts established by the summary judgment record are detailed in this Discussion section.

*State*, 168 P.3d 17, 23 n.11 (Haw. 2007).  Here, at the very least, neither the Amended Complaint nor the evidence or argument Williams made in opposing summary judgment allege or prove either (1) the existence of a duty as between Costco and Williams, or (2) the breach of any such duty.

With respect to the first element, Williams must identify "[a] duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks[.]" *Takayama v. Kaiser Found. Hosp.*, 923 P.2d 903, 915 (Haw. 1996).  Here, no such duty is alleged or identified in the Amended Complaint.  The same is true of Williams' opposition to summary judgment, even when presented with this deficiency by Costco's moving brief.  Rather, fairly construed, Williams does not even attempt to identify a duty Costco might have owed toward him, other than, perhaps, the duty not to terminate his membership.  However, first, Williams cites no principle, "recognized by the law," *requiring* Costco to maintain his membership. Second, in its concise statement of facts, Costco asserted, without dispute, that it maintains the right to *terminate* membership *without cause*. Dkt. No. 36 at ¶ 3.  In this light, Williams has failed to show the existence of any relevant legal duty, which alone is enough to defeat his negligence claim.  Further, while the second element is ordinarily for a jury to decide, *Knodle v. Waikiki Gateway Hotel, Inc.*, 742 P.2d 377, 384 (Haw. 1987), the Court obviously cannot find a triable issue of fact as to

6

whether Costco breached a non-existent duty. As a result, because at least the first two elements of a negligence claim are factually unsupported (as well as unsupported by the allegations of the Amended Complaint), Costco is entitled to summary judgment in this case.[7]

## CONCLUSION

For the reasons set forth herein, the second motion for summary judgment, Dkt. No. 35, is GRANTED, and this case is DISMISSED WITH PREJUDICE. Costco's motion to strike, Dkt. No. 44, is DENIED AS MOOT.

The Clerk of Court is directed to enter Judgment in favor of Defendant Costco Wholesale Corporation, and then CLOSE this case.

IT IS SO ORDERED.

Dated: December 31, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

[7] Costco also argues that Williams' negligence claim is barred by "public policy" and the statute of limitations. Dkt. No. 35-1 at 8-11. In light of the Court's rulings herein, it is unnecessary to address those issues.